Opinion by
Willson, J.
§ 779. Judicial confession; effect of, as an estoppel; case stated. An execution in favor of appellants against Shean & McAfee was levied upon a stock' of drugs, as •being the property of the latter. Appellee Lynch claimed the drugs as his property, under a purchase from Shean -& McAfee, and this suit is a trial of the right <jf property to said drugs. The trial resulted in a verdict and judgment for Lynch, the claimant. Appellants pleaded that the pretended purchase under which Lynch claimed the drugs was fraudulent; that Shean & McAfee were insolvent, and made said pretended sale to Lynch for the purpose of hindering and delaying their creditors, and that Lynch had notice of such fraudulent purpose at the time he purchased the drugs. On December 13, 1882, the day before the drugs were levied on under appellants’ execution, Ullman, Lewis & Oo. sued out an attachment against the property of Shean & McAfee, which, on the same day it issued, was levied upon a stock of dry goods as the property of said Shean & McAfee. This attachment was obtained upon the ground that Shean & Mc-Afee had disposed of their property in whole or in part, with intent to defraud their creditors. Lynch had purchased the drugs on the same day that the attachment was levied upon the dry goods, and he claims that he *684 made said purchase in good faith and for a valuable consideration, without any notice on the part of Shean & McAfee to defraud their creditors. In the attachment suit of Ullman, Lewis & Co., Shean & McAfee having filed an answer therein, withdrew it, and judgment nil dicit was rendered against them for the debt sued for, and foreclosing the attachment lien upon the dry goods. Appellants contend that said judgment is a judicial confession by Shean & McAfee that on the 13th day of December, 1882, they had disposed of their property for the purpose of defrauding their creditors, and that they, and appellee Lynch, who claims under them, are estopped from denying the fraudulent intent and purpose of Shean & McAfee in disposing of their property. This position is, we think, maintained by the authorities. One of the issues in the attachment suit, and upon which depended the validity of the attachment proceeding, was whether or not Shean & McAfee had, on the 13th day of December, 1882, disposed of their property for the purpose of defrauding their creditors. By the judgment in that suit, it was judicially determined that they had so disposed of their property. That fact was therefore res adjudicada, and binding upon them and their privies in estate. [1 Whart. Ev. § 758 et seq.; 2 Whart. Ev. § 1110; 1 Greenl. Ev. § 522 et seq.; Bigelow on Estoppel, 18.] This view of the law was correctly given in charge to the jury. It was, by the judgment in said attachment suit, conclusively established that on the said 13th day of December, 1882, Shean & McAfee had been guilty of disposing of their property with the intent to defraud their creditors. This, however, of itself, does not show when such fraudulent disposition was made, nor what particular property was so disposed of by them. But other evidence in the record satisfactorily shows that.said ground of attachment had reference to the pretended sale of the drugs by Shean & McAfee to Lynch. Considered in the concrete, the evidence very clearly shows that the pretended sale of the drugs was made with the fraudulent intent on the *685 part of Shean & McAfee to hinder, delay and defraud appellants and other creditors in the collection of their debts. The evidence also sufficiently showed that appellee, at the time he made the pretended purchase of the drugs, had constructive, if not actual, notice of the said fraudulent intent and purpose of Shean & McAfee. The verdict and judgment are contrary to the evidence.
May 13, 1885.
Reversed and remanded.