# CHANDLER & TAYLOR COMPANY *v.* NORWOOD.

PRACTICE; ARREST OF JUDGMENT; PROMISSORY NOTES.

1. A judgment on verdict in an action on a promissory note will not be arrested because the declaration contains no formal statement of the amount claimed. Such a defect is cured by verdict.
2. Nor, in such a case, where it appears that the names of the defendants were written before those of the payees on the note, will the fact that the defendants are sued as joint makers in one count of the declaration, and in the other as endorsers, while the verdict is a general one, justify the arrest of the judgment.

No. 869.  Submitted February 10, 1899.  Decided February 28, 1899.

HEARING on an appeal by the plaintiff from an order of the Supreme Court of the District of Columbia arresting a judgment in an action on a promissory note. *Reversed.*

The COURT in its opinion stated the case as follows:

This is an action at law upon a promissory note for $200, dated September 1, 1896, bearing interest at the rate of 6 per centum per annum until paid, signed by an organization, apparently a body corporate, known as the National Steamboat Company, and payable to certain payees therein mentioned, and designated as Williams and Hanks, who endorsed and transferred the note to the plaintiff in the suit, here the appellant, the Chandler and Taylor Company. The appellees, John C. Norwood and Robert H. Key, endorsed the note before delivery to the payees; and their names appear on the back of the paper above the signatures of the payees. The note was not paid; and the present suit was instituted upon it against the Steamboat Company, Norwood and Key as defendants.

The declaration contained two counts, the first declaring against all the defendants as joint makers, and the second

alleging the making of the note by the Steamboat Company, the endorsement of it by the appellees before delivery, presentment for payment at maturity, dishonor, and due notice of such dishonor to the appellees; and each count contained the customary allegation of non-payment, but omitted the usual formal statement of the amount claimed. To the declaration were attached the original note and two affidavits, intended under the Seventy-third Rule of the Supreme Court of the District of Columbia to secure summary judgment for the plaintiff in the event of default by the defendants to file a sufficient affidavit of defense. In these affidavits it was alleged that the plaintiff was entitled to recover from the defendants the full amount of the note, with interest from its date.

The Steamboat Company, it seems, did not plead, and judgment by default was taken against it. It does not appear in this appeal. The appellees, Norwood and Key, appeared and pleaded to the first count of the declaration the general issue, and to the second count that they did not endorse the note as alleged, and secondly, that they did not have due notice of the dishonor of the note at maturity; and with their pleas they filed an affidavit, deemed to be sufficient to remit the cause for trial in the usual way, wherein they denied the right of the plaintiff to recover from them or either of them the whole or any part of the amount claimed in the declaration.

The cause went to trial before a jury, and there was a verdict for the plaintiff against the appellees for the sum of $200. Thereupon, the appellees moved in arrest of judgment, upon the ground that in neither count of the declaration was there any conclusion claiming any sum whatever to be recovered against them or either of them, or any prayer for judgment for any amount. The court sustained the motion, and arrested the judgment; and subsequently overruled a motion for rehearing. An appeal to this court was

thereupon sought by the plaintiff and was allowed, and the cause is now here on that appeal.

*Mr. W. C. Prentiss* for the appellant:

1. In view of the Statutes of 27 Eliz., Ch. 5; 4 Anne, Ch. 16, and our United States statute (32d Sec. Judiciary Act of 1789, now R. S. 954), the grounds of the motion in arrest of judgment seem frivolous.   *Bank* v. *Guttschlick*, 14 Peters, 19 (p. 27); *Dist. of Col.* v. *Eaton*, 13 App. D. C. 182.

2. The omission of the *ad damnum* was not a defect of substance, for the declaration still contained the complete cause of action and damages were only incidental and consequent to judgment, and such omission, if demurrable, was after the Statute of Elizabeth, only a cause of special demurrer.   1 Sutherland on Damages, 759; 3 Sedgwick on Damages, Sec. 1260;   5 Encyc. Pleading and Practice, 706; 1 Saunders' Pleading and Evidence, 927; 1 Chitty on Pleading, 395–6; *Bank* v. *Guttschlick, supra*; *Loeb* v. *Ramak*, 1 Montana, 152; *McWhorter* v. *Standifer*, 2 Porter (Ala.), 519; *Bumpass* v. *Webb*, 3 Ala. 109; *Mattingly* v. *Darwin*, 23 Ill. 618 (567); *Hargrave* v. *Penrod*, 1 Breese App. (Ill.), 401; *O'Connor* v. *Deehan*, 9 Irish Law Rep. 506; *Paxton* v. *Martin*, Id. 508; *Pit* v. *Knight*, 1 Levinz, 222: 1 Saund. 97; *Barnes* v. *Gladman*, 2 Levinz, 19; *Broughton* v. *Holte*, 1 Levinz, 293.   And cured after verdict by the Statutes of Jeofails.   5 Encyc. Pl. & Pr. 706; *Proctor* v. *Crozier*, 6 B. Monr. 268; *Craighill* v. *Page*, 2 Hen. & Munf. 446; *Stephens* v. *White*, 2 Wash. 203 (260); *Diggs* v. *Norris*, 3 Hen. & Munf. 268; *Kennedy* v. *Woods*, 3 Bibb. 322; *Robinett* v. *Morris*, Hardin, 99; *Groves* v. *Dodson*, 8 Yerger, 161; *Eaton* v. *Case*, 17 R. 1.   If any amendment be necessary it is considered as made.   *Stephens* v. *White*, 2 Wash. 271.

In modern practice a writ of inquiry is not necessary where the object of the suit is a sum certain or which may be made certain by computation.   1 Wheat, 215; 2 Saund.

107 ; 5 Durn. & East, 87; 1 H. Bl. 352; 1 Dall. 185. Ac-
cordingly, in such cases, it is held that damages need not
be laid either in the writ or in the declaration.   1 Suther-
land on Damages, 759 ; *McWhorter* v. *Standifer,* 2 Porter,
519 ; *Weaver* v. *Mississippi Co.,* 28 Minn. 542; *Bartlett* v.
*Bank,* 79 Cal. 218 ; *Farley* v. *Nelson,* 4 Ala. 183.

3. Under the simplified and modernized rules of the
court below the *ad damnum* or like conclusion in a declar-
ation on a note would seem unnecessary even as a matter of
form.   The form of conclusion in section 1 of Rule 112 :
" And the plaintiff claims $— with interest from ——," etc.,
is not an *ad damnum.*   If, however, the omission of the con-
clusion suggested in Rule 112 were a defect, it should have
been taken advantage of by motion to strike out.   Rule 28.

4. The inadvertent omission of the formal conclusion, if
a defect, is supplied by the terms of the note as contained
in each count, as well as by reference to the original note
and the affidavits filed with the declaration.

*Mr. Irving Williamson* for the appellee :

1. The defect is one of substance and not merely formal.
*Simonson* v. *Blake,* 12 Abb. Pr. Rep. 331 ; Stephen on Plead-
ing, 370 ; Perry on Pleading, 418 ; 1 Saunders on Plead-
ing, Sec. 419 ; *Brownson* v. *Wallace,* 4 Blatch. 465 ; *Devean* v.
*Skidmore,* 47 Conn. 19 ; *Mining Co.* v. *Grummond,* 39 Cal.
71; *Carter* v. *Shotwell,* 42 Mo. App. 663 ; *McCormick* v.
*Hogan,* 48 Md. 404; *Stirling* v. *Garritee,* 18 Md. 468 ; *Faget*
v. *Brayton,* 2 H. & J. 351 ; *Kennerly* v. *Wilson,* 1 Md. 102 ;
*Chilton* v. *Jones,* 4 H. & J. 62 ; *Trensh* v. *Kamke.* 63 Md.
274 ; *Newcomer* v. *Keane,* 57 Md. 121.

2. The motion in arrest of judgment searches the whole
record, and the court is not confined to the exact ground
taken in the motion.   *School* v. *Greenwell,* 4 G. & J. 416 ;
*Turnpike Road* v. *State,* 19 Md. 290.   By reference to the
declaration it appears that appellees are sued in the first

count as joint makers of the note described, and in the second count as endorsers thereof. It is impossible that they could have sustained both of those relations to the note, and no verdict, unless founded upon one or the other of the counts, can be sustained. If the verdict is general and the counts are inconsistent, the judgment will be arrested. 1 Chitty on Pleading, Secs. 411, 682; Gould's Pleading, 522.

Mr. Justice MORRIS delivered the opinion of the Court:

1. The declaration is undoubtedly defective, and a demurrer to it for such defect might well have been sustained, with the right reserved to the plaintiff to amend. A declaration should state specifically the amount claimed to be due, as well as the facts out of which the claim arises. This is required by the rules of the court below, and it is a reasonable requirement for obvious reasons in all declarations. Indeed, it may be questioned whether in some suits, notably those for torts, an omission to state the amount of damage, or the amount claimed as compensation for the alleged injury, would not be fatal under any circumstances and at all stages of a cause. The mere allegation of a trespass committed, without any averment of damage thereby done or of claim of compensation for injury suffered, is scarcely sufficient to justify remedial action by a court of law.

Here, however, we have not a case of tort, nor one of unliquidated damages, nor one wherein the amount of claim is better known to the plaintiff than to the defendants. The suit is upon a contract; and the contract is the ordinary and universally known contract of a promissory note, which usually fixes its own limitations and carries its own claim with it. And the question is, whether, in such a case as this, a declaration which sufficiently alleges the execution of the contract and the failure of the defendants to perform it, but which fails to state formally the amount claimed by

the plaintiff on account of such failure, is so substantially and fatally defective as that even after verdict rendered a motion in arrest of judgment may properly be sustained.

It is conceded, as it must be conceded under the law, that, if the defect be merely formal, it is cured by the verdict and by the liberal terms of our Statute of Jeofails, the 32d section of the Act of Congress of September 24, 1789, Ch. 20, which provides that "no summons, writ, declaration, return, process, judgment, or other proceedings in civil causes, in any court of the United States, shall be abated, arrested, quashed, or reversed for any defect or want of form; but such court shall proceed and give judgment according as the right of the cause and matter in law shall appear to it, without regarding any such defect or want of form, except those which, in cases of demurrer, the party demurring specially sets down, together with his demurrer, as the cause thereof; and such court shall amend every such defect and want of form, other than those which the party demurring so expresses; and may at any time permit either of the parties to amend any defect in the process or pleadings, upon such conditions as it shall, in its direction and by its rules, prescribe." The contention is that the defect is substantial, and not merely formal.

The rule of the common law was and is, that " where the plaintiff has stated his title or ground of action defectively or inaccurately, since to entitle him to recover, all circumstances necessary in form or substance to complete the title so imperfectly stated must be proved at the trial, it is a fair presumption after a verdict that they were proved; but that where the plaintiff totally omits to state his title or cause of action, it need not be proved at the trial, and therefore there is no room for presumption " (*Rushton* v. *Aspinale*, 2 Wilson, 683; 1 Sellons' Practice, 499; Poe's Pleading and Practice, Sec. 753); or as it is otherwise stated, " the distinction was simply one between a title or ground of action defectively or inaccurately stated, and an omission to state a title or cause of

action at all." Poe's Pleading and Practice, Vol. 1, Sec. 753. In the former case all defects are cured by verdict; in the latter case, they are not so cured.

The question then is, whether the plaintiff has here stated a cause of action; and the answer to the question can not be uncertain. The declaration states a promise for a valuable consideration; in other words, a good and valid contract, and the non-performance of that promise or contract by the defendants. This is a good and sufficient cause of action. The amount of damage from the breach of contract may be greater or less; but the cause or ground of action is independent of the matter of the amount of damage. From every breach of contract the law will imply at least nominal damages; but it is the breach of contract, not the amount of damage sustained, and even though no actual or positive damage has been sustained, which gives the ground of action.

Especially is this the case in the matter of promissory notes, bills of exchange, and the like, in which the very statement of the cause of action—namely, the promise to pay a certain specified sum of money at a specified time and the failure to pay that sum or any part thereof—contains in itself the statement of the amount of damage. For the amount of the damage is necessarily the amount of the note or bill, unless there have been payments on account of it; and even this exception can not be availed of after verdict, since, by the production of the note or bill at the trial and by the testimony in regard to it, all payments on account of it, if any there were, must have been shown. It will be presumed after the verdict, upon a motion to arrest the judgment, that at the trial the execution of the note and the failure to pay it at maturity according to its terms have been fully proved, and that the amount of the damages given by the verdict is fully sustained by that proof. For, after all, it must be remembered that, while damage should be alleged and specifically stated in a declaration, if a demurrer would be avoided, the matter of actual damage and the amount of it are always

matter of proof at the trial, and the statement of such amount in a declaration has no binding force other than fixing a limit beyond which a plaintiff may not recover.   And we know that, in suits upon promissory notes and bills of exchange, and other contracts in which the damages are specifically and distinctly liquidated, it is not necessary for a plaintiff in the first instance to prove any actual damage. The *prima facie* proof required from the plaintiff is simply that of the execution and non-payment of the obligation, with the superadded proof of notice in suits against endorsers or others similarly situated; and thereupon, in the absence of other proof, the party is entitled to a verdict and judgment for the amount of the obligation.   If the allegation of damage or of a specific amount of claim were an essential element of declarations in such cases, it would follow, in general, that the allegation should be proved.   The absence of the necessity of proof tends to show that there is no absolute necessity for the allegation.   It is very true that this rule is now subject to exceptions; but we think that the exceptions are simply the dictate of convenience in special cases.

It seems to us that the case of the *Bank of the Metropolis* v. *Guttschlick*, 14 Peters, 19, 26, fully sustains the rule which we have stated, and is a controlling authority for our conclusion.   In that case there was a contract for the sale and purchase of land.   The plaintiff in the suit, who was the purchaser of the land, had contracted to pay part of the purchase money in cash and to give his promissory note for the residue; and upon the payment of the promissory note he was to receive from the defendant a deed of the property in fee simple.   The cash was paid and the promissory note was given, and in due time the latter was paid; but for some reason the defendant failed or refused to execute the stipulated conveyance.   Thereupon the purchaser brought suit. In his declaration there were four counts.   Three of these alleged in different ways the contract and the breach of it; but alleged no damage therefrom to the plaintiff, and claimed

no amount as such damage. They showed, however, the amount of the purchase money paid for the land. The fourth count was for money had and received, claimed a specific amount as damages, and seems to have been regular in every respect. There was a trial and verdict for the plaintiff for the amount of the purchase money; and thereupon judgment. At the trial the defendant asked for an instruction, which the court refused to give, to the effect that the plaintiff was not entitled to recover on any of the counts of the declaration. Upon appeal to the Supreme Court of the United States, the latter tribunal, with reference to the objection that the three special counts of the declaration had no formal conclusion and no specific claim for any amount of damage, said:

"There is certainly no formal conclusion to either of these counts. Each of them, after alleging the breach, terminates with the words, '*whereby, etc.*' Whether counts thus concluding would have been sufficient upon a special demurrer in the court below it is not necessary to decide; because we are clearly of opinion that the 32d section of the Judiciary Act would cure the defect, if it were admitted to have been one."

The case of the *Bank of the Metropolis* v. *Guttschlick* is certainly a less forcible case than that now before us for the application of the Statute of Jeofails, the 32d section of the Judiciary Act. There the suit was not for the breach of any contract for the payment of a specific sum of money; and the amount of the damage sustained by the plaintiff could only be inferred from the statement of the amount paid as the purchase money of the land, which might not necessarily have been the amount of the damage that accrued to the plaintiff. In the case before us, the statement of the contract necessarily and by its own terms fixed the amount of the damages recoverable by the plaintiff; and the absence of claim of any specific amount was greatly less important than in the case cited.

But it is argued that in the case of the *Bank of the Metropolis* v. *Guttschlick* the presence of the proper concluding clause in the fourth count of the declaration had reference back to the other counts, and that therefore these other counts were not defective, and the case is no precedent for the question now before us. But the decision of the Supreme Court in that case clearly is not based upon any such theory as that here indicated. If it was supposed that the concluding clause of the fourth count had reference back to the other counts, and validated them, it would have been easy to say so, and it would have been unnecessary to appeal to the 32d section of the Judiciary Act; for there would then have been a perfect declaration in the case. The court did not seem to think it necessary even to appeal to the provision of the Judiciary Act in order to reinforce the counts alleged to be defective; for it evidently proceeded upon the theory of the common law, as already stated, that whatever defect may have been in those counts, such defect was cured by the verdict.

2. Another reason, however, is suggested in support of the motion in arrest of judgment in this case. This is that the two counts of the declaration are claimed to be inconsistent with each other, and therefore that no general verdict can be sustained, and no judgment can be supported which is based on such a verdict. The supposed inconsistency in the counts consists in the assumption that in the first count the defendants are sued as joint makers, or rather as the several co-makers of the promissory note in suit, and that in the second count they are sued as endorsers; and that the position of maker and endorser is inconsistent. But, apart from the fact that there are cases where the same person is both maker and endorser of negotiable paper, the counts in the present case are not, in our opinion, inconsistent, and the appellees are not sued in any inconsistent character.

The appellees in this case are *endorsers* in the literal sense of that term, inasmuch as their names are written on the back

of the paper; but it does not follow that they are *endorsers* in the technical sense, with the rights and the liabilities incident to ordinary endorsers of mercantile instruments of writing. Their names are written before those of the payees, and they executed the paper before its delivery and for the express purpose of enabling it to be negotiated.    Now, it is well-settled law in this jurisdiction that persons who thus execute mercantile paper are not endorsers in the technical sense, but presumably joint makers or sureties, although testimony is admissible to show that they signed as guarantors or technical endorsers.    *Rey* v. *Simpson*, 22 How. 341; *Good* v. *Martin*, 95 U. S. 91.    This being so, it follows that there is no necessary inconsistency between the two counts of the declaration, since the first count charges the defendants as joint makers, and the second count alleges the execution of the paper by them in such manner as that the law implies, in the absence of proof to the contrary, that they were joint makers.    The argument, therefore, which is based upon the supposed inconsistency of the two counts of the declaration wholly fails.

From what we have said, it follows, in our opinion, that there was no good and sufficient ground in law to arrest the judgment in this case, and that for that reason the order of the Supreme Court of the District of Columbia in the premises, whereby the judgment was arrested, must be reversed, with costs.    The cause will be remanded to that court, with directions to overrule the motion in arrest of judgment, and to enter judgment upon the verdict and in accordance with such verdict.    And it is so ordered.